IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD BAIR,

    Petitioner,                            No. 2:09-cv-1730-LKK-JFM (HC)

    vs.

WARDEN, DEUEL VOCATIONAL
INSTITUTION, et al.,                  ORDER TO SHOW CAUSE AND

    Respondents.                 FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By this action, petitioner seeks an order prohibiting respondents from enforcing, implementing, or applying the provisions of Proposition 9, Marsy's Law, which allow increased participation from victims' rights groups and which require a minimum period of three years between parole suitability hearings following a denial of parole, at any parole suitability hearing set for petitioner. Petitioner claims that application of Proposition 9 to him would violate the provisions of the Ex Post Facto Clause of the United States Constitution.[1]

---

[1] Petitioner's claim that application of Proposition 9 to him would violate the Ex Post Facto Clause of the California Constitution is not cognizable in this federal habeas corpus action. Federal habeas corpus relief is only available for a violation of federal law. See 28 U.S.C. § 2254.

1

This matter is before the court on respondents' motion to dismiss this action on the ground that petitioner's claim is not ripe for review. Specifically, respondents contend that petitioner's "claim assumes that there will be increased victim participation at his next parole consideration hearing and that the Board will find him unsuitable for parole release", neither of which may happen. Motion to Dismiss, filed August 20, 2009, at 2. Respondents contend that if neither happened, Proposition 9 "would have had no effect on the fact or duration of [petitioner]'s confinement" and he would have no grounds for bringing a habeas corpus action. Id.

> Ripeness is normally a "question of timing. . . . Its basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580, 105 S.Ct. 3325, 3332, 87 L.Ed.2d 409 (1985) (citations and quotations omitted). "One does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough." Id. at 581, 105 S.Ct. at 3332 (quoting Regional Rail Reorganization Act Cases, 419 U.S. 102, 143, 95 S.Ct. 335, 358, 42 L.Ed.2d 320 (1974)).

Neal v. Shimoda, 131 F.3d 818, 825 (9th Cir. 1997). "The Supreme Court has stated a two-part test for determining the ripeness of a claim: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' Abbott, 387 U.S. at 149, 87 S.Ct. at 1515." Id. Determination of whether an issue is fit for judicial decision involves an inquiry into whether the issue is "purely legal" or, instead, whether the issue will be "clarified by further factual development." Thomas, at 581.

In the instant case, petitioner's claim presents a purely legal question: whether it violates the Ex Post Facto Clause to apply the provisions of Proposition 9 to an individual convicted and sentenced before its enactment. That issue requires no further factual development, and was resolved by the state courts on the merits when petitioner exhausted his

/////

/////

state court remedies.² Moreover, if the Ex Post Facto Clause does bar application of Proposition 9 to petitioner, he is not required to first suffer the consequences of its application before challenging it.  See Thomas, id.

For the foregoing reasons, this action is ripe for judicial review and respondents' motion to dismiss should be denied.

Review of the petition and court records shows that there is another action pending in this court presenting a challenge to Proposition 9 based on, inter alia, the Ex Post Facto Clause and seeking injunctive relief barring application of its provisions.  See Gilman v. Davis, No. 2:08-cv-0830-LKK-GGH (PC).  Good cause appearing, the parties will be granted fifteen days to show cause in writing why this action should not be related to Gilman pursuant to Local Rule 81-190.³

In accordance with the above, IT IS HEREBY ORDERED that within fifteen days from the date of this order the parties shall show cause in writing, if any they have, why this action should not be related to Gilman v. Davis, No. 2:08-cv-0830-LKK-GGH (PC); and

IT IS HEREBY RECOMMENDED that:

1. Respondents' August 20, 2009 motion to dismiss be denied;

2. Respondents be directed to file an answer within thirty days from the date of any order by the district court adopting these findings and recommendations; and

3. Petitioner's traverse, if any, be due on or before thirty days from the date respondents' answer is filed.

/////

---

² Copies of the state courts' orders are attached to the petition filed in this action on June 23, 2009.

³ In his opposition to the motion to dismiss, petitioner states that he "elects to opt out of being joined with Gilman v. Davis case unless all of the ex post facto claims are addressed" concerning thirty years of changes "that have occurred to the Parole Authority (Board & Governor).  Petitioner is not precluded by this statement from responding to the court's order to show cause.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
6  failure to file objections within the specified time may waive the right to appeal the District
7  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8  DATED:  December 1, 2009.

UNITED STATES MAGISTRATE JUDGE

12
bair1730.157