IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD BAIR,

    Petitioner,　　　　　　　No. 2:09-cv-1730-LKK-JFM (HC)

    vs.

WARDEN, DEUEL VOCATIONAL
INSTITUTION, et al.,　　　　　　FINDINGS AND RECOMMENDATIONS

    Respondents.

_____/

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By this action, petitioner seeks an order prohibiting respondents from enforcing, implementing, or applying the provisions of Proposition 9, Marsy's Law, which allow increased participation from victims' rights groups and which require a minimum period of three years between parole suitability hearings following a denial of parole, at any parole suitability hearing set for petitioner. Petitioner claims that application of Proposition 9 to him would violate the provisions of the Ex Post Facto Clause of the United States Constitution.

    As this court has previously noted, there is another action pending in this court presenting a challenge to Proposition 9 based on, inter alia, the Ex Post Facto Clause and seeking injunctive relief barring application of its provisions. See Gilman v. Brown, No. 2:05-cv-0830

1

1    LKK GGH (PC).  In relevant part, the class certified in Gilman "is defined as 'all California state
2    prisoners who have been sentenced to a life term with possibility of parole for an offense that
3    occurred before November 4, 2008.'"  Gilman, Order filed April 25, 2011, at 2.  Plaintiff is a
4    member of the Gilman class.  See Petition filed June 23, 2009.
5             In another action in this court, the district judge assigned to this action and to the
6    Gilman action stayed proceedings on an Ex Post Facto Clause challenge to Proposition 9 pending
7    final resolution of Gilman.  See Lopez v. Salinas, No. 2:10-cv-3168 LKK KJN (HC).[1]
8             In view of that order, and good cause appearing, IT IS HEREBY
9    RECOMMENDED that:
10            1.  This action be stayed pending final resolution of the Ex Post Facto Clause
11   claim in Gilman v. Brown, No. 05-cv-0830 LKK GGH (HC);
12            2.  Respondents be required to move to lift the stay in this matter within ten days
13   from the date of entry of judgment in the district court in the Gilman action; and
14            3.  The Clerk of the Court be directed to administratively close this case.
15            These findings and recommendations are submitted to the United States District
16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
17   days after being served with these findings and recommendations, any party may file written
18   objections with the court and serve a copy on all parties.  Such a document should be captioned
19   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
20   objections shall be filed and served within fourteen days after service of the objections.  The
21   /////
22   /////
23   /////
24   /////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: November 7, 2011.

  _____
  UNITED STATES MAGISTRATE JUDGE

12
bair1730.stay